# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kenneth Syncere Rivera, *a/k/a* Kenneth D. *Rivera*, *a/k/a* Kenneth Rivera, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 8:19-cv-00718-JMC |
| v. | ) ) ) | **ORDER** |
| Bryan Stirling, and South Carolina Department of Corrections, | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") filed on June 11, 2019 (ECF No. 28). The court **ACCEPTS** the Report and incorporates it herein by reference. For the reasons set out in the Report, the court **GRANTS** Defendants Bryan Stirling and the South Carolina Department of Corrections' ("SCDC") Motion for Judgment on the Pleadings (ECF No. 17) for failure to state a claim on which relief may be granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 29, 2018, Plaintiff, proceeding pro se, commenced this 42 U.S.C. § 1983 action against Defendants. (ECF No. 1 at 1.) Defendants removed the action from the Richland County Court of Common Pleas on March 11, 2019, (ECF No. 1) and filed a Motion for Judgment on the leadings on May 2, 2019 (ECF No. 17). The next day, the Magistrate Judge entered a *Roseboro*[1] Order, advising Plaintiff of the procedures and the consequences of failing to adequately respond to Defendants' Motion. (ECF No. 18.) On May 20, 2019, the Clerk of the

---

[1] In *Roseboro v. Garrison*, the United States Court of Appeals for the Fourth Circuit held that district courts are required to provide pro se litigants with an explanation of summary judgment procedures. 528 F.2d 309, 310 (4th Cir. 1975).

1

United States District for the District of South Carolina docketed Plaintiff's Response in Opposition to the Motion. (ECF No. 26.)

On June 11, 2019, the Magistrate Judge entered her Report. (ECF No. 28.) The Report recommends granting Defendants' Motion for Judgment on the Pleadings (ECF No. 17) for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983 because neither Defendant is a "person" pursuant to § 1983, and Plaintiff has not met his burden to establish a § 1983 supervisory liability claim. (ECF No. 28 at 7-10 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994); *Nelson v. Lexington Cty. Det. Ctr.*, No. 8:10-cv-2988-JMC, 2011 WL 2066551 (D.S.C. May 26, 2011).)

## II. STANDARD OF REVIEW

The Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* U.S.C. § 636(b)(1).

## III. DISCUSSION

On June 11, 2019, the Magistrate Judge notified the parties of their right to file objections by June 25, 2019. (ECF No. 28.) Neither of the parties filed any objections to the Report by this date. In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.

1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific, written objections to a report results in a party's waiver of the right to appeal from the judgment of a district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985). Accordingly, since none of the parties filed any objections to the Report, and the court observes no clear error on the face of the record, the court accepts the Report. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 28) and incorporates it herein by reference. For the reasons set out in the Report, the court **GRANTS** the Defendants' Motion for Judgment on the Pleadings (ECF No. 17).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 12, 2019
Columbia, South Carolina